# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA], <br><br> Plaintiff, <br><br> vs. <br><br> JOSEPH SILVA POMPA, <br><br> Defendant. | CASE NO. 10cr1260 JM <br> CIVIL NO. 11cv2130 <br><br> ORDER DENYING MOTION BROUGHT PURSUANT TO 28 U.S.C. §2255 |

Pursuant to a plea agreement, on August 12, 2010 Defendant Joseph Silva Pompa ("Defendant") pleaded guilty to one count of knowingly and intentionally importing 30.66 kilograms of cocaine in violation of 21 U.S.C. §§952 and 960. On December 18, 2010 the court, pursuant to the plea agreement, sentenced Defendant to 63 months' custody, followed by three years of supervised release. Defendant now moves to set aside, modify, or vacate pursuant to 28 U.S.C. §2255 ("Motion"). Although not perfectly clear, Defendant contends that his counsel provided ineffective assistance of counsel because an alleged modification to USSG §4A1.1 would have reduced his Criminal History Category from III to II. For the reasons set forth below, the court summarily denies the Motion.

**DISCUSSION**

**28 U.S.C. §2255 Review**

Under Rule 4(B) of the Rules Governing Section 2255 Proceedings, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is

not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." In such an instance, the district court is not required to hold a hearing or to require a response from the government. See 28 U.S.C. § 2255. Here, for the below stated reasons, the court finds the motion without merit and therefore summarily denies the Motion.

**Waiver of the Right to Collaterally Attack Sentence**

Defendant waived his right to collaterally attack his sentence. In the plea agreement defendant specifically waived his right to appeal or to collaterally attack his conviction and sentence unless the court imposed a custodial sentence greater than the high end of the guidelines range recommended by the government. This waiver provision is enforceable to bar Defendant from seeking collateral relief because Defendant was sentenced within the guideline range. See United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 508 U.S. 979 (1993). The plea agreement's language clearly embraces a waiver of any collateral attack on Defendant's sentence, including a § 2255 motion. See United States v. Schuman, 127 F.3d 815, 817 (9th Cir. 1997) (per curiam) (finding that defendant waived his right to appeal an incorrect application of Sentencing Guidelines even though the plea agreement did not specifically mention this right; to find otherwise "would render the waiver meaningless"). Furthermore, Defendant does not challenge the voluntariness of his waiver or otherwise inform the court of any other reason to invalidate his waiver. The record reflects that Defendant's waiver was knowing and voluntary. Accordingly, the court concludes that Defendant validly waived his right to collaterally attack his sentence and dismisses the Motion.

**The Ineffective Assistance of Counsel Claim**

Even if Defendant had not validly waived his right to collaterally attack the sentence, the ineffective assistance of counsel claim is without merit. To prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that (1) counsel's performance was deficient; and (2) counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). A petitioner must demonstrate that counsel's representation fell below an "objective standard of reasonableness" and that, but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. Id. at 694. Where the challenged performance involves a tactical decision on the part of counsel, there is a "strong presumption that counsel's conduct falls

within the wide range of acceptable professional assistance." Id. at 689. Failure to raise a meritless argument falls under the realm of tactical decisions and does not constitute ineffective assistance. Boag v. Raines, 769 F.2d 1341, 1344 (9th Cir. 1985).

Here, Defendant's argument that his Criminal History Category was improperly calculated fails on the merits because the court applied USSG §4A1.1(d) as it existed at the time of sentencing. The court notes that the so-called Recency Provision, USSG §4.1.1(e)(2008) - - the essence of Defendant's argument - - was not applied to Defendant's sentence.[1] (PSR; RT 5:25-6:4). Accordingly, Defendant's argument is without merit and the court denies the Motion.

In sum, the court denies the Motion with prejudice and instructs the Clerk of Court to close the file.

**IT IS SO ORDERED.**

DATED: September 26, 2011

_____
Hon. Jeffrey T. Miller
United States District Judge

cc: All parties

---

[1] The so-called Recency Provision was repealed effective November 1, 2010.